# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| JESSICA TALLY § § § | CIVIL ACTION NO. |
| v. § § § | JURY DEMANDED |
| SERVICE MANAGEMENT § § SYSTEMS, INC. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES JESSICA TALLY, hereinafter referred to as Plaintiff, complaining of SERVICE MANAGEMENT SYSTEMS, INC., hereinafter referred to as Defendant, and for cause of action would respectfully show unto the Court and jury the following, to-wit:

1. Plaintiff is a citizen of Kemp, Kaufman County, Texas.

2. Defendant, SERVICE MANAGEMENT SYSTEMS, INC. is a Tennessee Corporation, licensed to do business in the State of Texas, and may be served by certified mail, return receipt requested, through its agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

3. The court has proper jurisdiction over this case pursuant to 28 U.S.C. §1332 of the United States Code. Diversity of citizenship exists in connection with this case and the amount of controversy is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

## STATUTE OF LIMITATIONS

4. Plaintiff alleges this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of the occurrence. In the alternative, Plaintiff alleges the statute of limitations is tolled because this lawsuit has been filed within two (2) years of the date Plaintiff knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendant.

## FACTS OF THE CASE

5. Plaintiff would show that on or about December 29, 2017, Plaintiff was on the premises of Broadway Square Mall located in Tyler, Texas. While on the premises Plaintiff slipped and fell due to water that had accumulated on the bathroom floor. Defendant is the janitorial service contractor for Broadway Square Mall and was responsible for maintaining the floors in the common areas of the mall, including the bathrooms. Plaintiff would show that she sustained severe and disabling injuries.

## CAUSE OF ACTION

6. Defendant, as the janitorial service contractor for Broadway Square Mall, owed a duty to the patrons of the mall, including Plaintiff, to keep the premises of the mall, including the floors and aisles, in a reasonably safe condition for use by the patrons. Defendant, in breach of the duty described above, negligently and carelessly:

   a. failed to maintain the floor of the mall in a reasonably safe condition;

   b. allowed slick substances to accumulate on and remain on the floor of the mall when Defendant knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to patrons in the mall;

   c. failed to warn Plaintiff of the danger presented by the presence of slick substances on the floor;

    d.  failed to inspect the floor for water, fluid and other debris or slick substances on the floor;

    e.  negligent in allowing water to accumulate and remain on the floor;

    f.  Defendant was negligent in other respects.

7. As a direct and proximate result of the negligence of Defendant as set forth above, Plaintiff fell and injured herself.

## RESPONDEAT SUPERIOR

8. Plaintiff further alleges that at all material times hereto the various Defendant's agents, servants and employees were acting within the course and scope of their employment and in the furtherance of the business interests of the Defendant. In this regard, Plaintiff invokes the doctrine of *respondeat superior* and alleges that any and all negligent acts and/or omissions on the part of the agents, servants and employees of the Defendant are imputed to the respective Defendant, and the Defendant is vicariously liable for all negligent acts and/or omissions alleged herein to have been perpetrated by said agents, servants and/or employees.

## DAMAGES

9. Plaintiff's damages include past, and probable future loss, which includes:

    (a)    pain and mental anguish;

    (b)    loss of earnings and earning capacity;

    (c)    physical impairment;

    (d)    disfigurement; and

    (e)    necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

10. Plaintiff alleges that her damages exceed the minimum jurisdictional limits of this Court.

11. Plaintiff requests that a jury be convened to try the factual issues in this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for issuance of service of citation upon Defendant for actual damages, costs of Court, prejudgment and post-judgment interest, punitive and/or exemplary damages, attorney's fees, and such other and further relief, general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully Submitted,

**LUKE BICKHAM, P.C.**
Two Energy Square
4849 Greenville Avenue
Suite 1350
Dallas, Texas 75206
469-904-8170
luke@lukebickham.com

By: _____
LUKE F. BICKHAM
SBOT:  00787080

ATTORNEY IN CHARGE